UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEROME JOHNSON, | § | |
| No. 1148501, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 3:07-CV-1327-M |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court dated July 31, 2007, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner Jerome Johnson ("Johnson" or "Petitioner") is confined at the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Beeville, Texas. Respondent is the Director of the TDCJ-CID.

Statement of the Case: Upon his plea of not guilty to the offense of aggravated sexual assault, as charged in the indictment in No. F01-53637-H, Johnson was tried by jury. On March 26, 2003, the trial ended in a hung jury and defense counsel moved for a mistrial, which the trial

1

court granted. No. 05-03-01058-CR [No. F-01-5367-H] Record on Appeal, Vol. 1("Record") pp. 2-5. Johnson again entered a not guilty plea and was tried by a jury, which found Johnson guilty of sexual assault. Record pp. 6, 99. Having found the enhancement paragraph true, the jury imposed a sentence of 42 years imprisonment. Record pp. 8, 99, 107-112.

Petitioner appealed his conviction which was affirmed by the Fifth District Court of Appeals on December 13, 2005. *Johnson v. State*, No. 05-03-01058-CR, slip op. (Tex. App. – Dallas March 22, 2005, pet. ref'd). Johnson's petition for discretionary review was denied without written order on November 2, 2005.

On August 22, 2006, Johnson filed a habeas application pursuant to Texas Code of Criminal Procedure article 11.07 challenging his conviction. *Ex parte Johnson*, Appl. No. WR-59, 957-04. On March 21, 2007, his application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *Id.*

Petitioner filed the instant petition on July 31, 2007. In response to his petition and this court's show cause order, Respondent filed copies of the prior state proceedings and his answer on November 7, 2007. Petitioner filed a supplemental brief on February 4, 2008. Petitioner filed another supplemental brief on April 16, 2008.

<u>Findings and Conclusions</u>: Review of Johnson's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his Section 2254 petition after the effective date of the AEDPA. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under Section 2254 of the act unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

2

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996). Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1). Where a petitioner challenges a state court's application of federal law under Section 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1(2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S. Ct. 1495 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004), *cert. denied*, 125 S. Ct. 421 (2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable.").

Where state habeas relief is denied without an opinion, the AEDPA inquiry is not altered. *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154, 124 S. Ct. 1156 (2004). In such a situation, a federal court: "(1) assumes that the state court applied the proper 'clearly established Federal law' and then (2) determines whether its decision was contrary to or an objectively unreasonable application of that law." *Id*.

Johnson asserts numerous grounds for relief, all of which were raised in his state habeas petition. Each of his grounds is considered below.

FOURTH AMENDMENT CLAIMS

Johnson raises several fourth amendment grounds in his petition, claiming that his conviction was the result of: (1) an illegal warrantless search; (2) an involuntary statement; (3) a warrantless arrest; (4) an insufficient search warrant; and (5) an invalid warrant. Memorandum

3

in Support of Petition ("Memorandum") pp. 1-24. Federal habeas review of Johnson's fourth amendment claims is barred by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* forecloses review "in the absence of allegations that the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits . . ." *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (quoting *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980)). This is true even if no state hearing was held on the claims. *See Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) ("An 'opportunity for full and fair litigation' means just that: an opportunity. If a state provides processes whereby a defendant can obtain a full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes.") Therefore, to be entitled to relief, Johnson must plead and prove that the state court proceeding was inadequate. *See Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005).

Johnson presents no argument that the Texas courts deprived him of a full and fair opportunity to litigate his fourth amendment claims. In fact, the record shows that Johnson's counsel filed pre-trial motions to suppress (Record pp. 43-44, 60-61) and renewed those motions prior to Johnson's second trial (Reporter's Record, Volume 2 ("RR2") pp. 5-6). The trial court then reviewed the record of the suppression hearing from the first trial (RR2 pp. 5-8). Therefore, Johnson had sufficient opportunity to litigate his fourth amendment claims and these grounds should be denied.

DEFECTIVE INDICTMENT

Johnson claims that the indictment was fundamentally defective because it "falsely alleged the commission of penetration of Anus of [complainant] and further falsely alleged the act of Kidnapping and Threat to [cause] Death and/or Serious Bodily Injury." Memorandum p. 64. "The sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (citing *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.1994)). "That question is foreclosed to federal habeas review, however, if the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Id*. If the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue. *Id*. Johnson raised this claim in his state habeas application. *Ex parte Johnson*, Appl. No. WR-59, 957-04 pp. 12, 14. The Court of Criminal Appeals denied his application and, therefore, implicitly found the indictment sufficient. *Id*. Therefore, habeas corpus relief is foreclosed on Johnson's claim.

PERJURED TESTIMONY

Johnson claims that Officer Daniel Stephens and complainant Cora Price testified falsely at trial. Memorandum pp. 25-27. The due process clause prohibits the use of perjured testimony to obtain a conviction. *Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763 (1972); *Black v. Collins*, 962 F.2d 394, 407 (5th Cir.), *cert. denied*, 504 U.S. 992, 112 S. Ct. 2983 (1992). In order to establish a due process violation based on the use of perjured testimony, a habeas petitioner must prove that: (1) the testimony was false; (2) the prosecutor knew it was false; and

(3) the evidence was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir.), *cert. denied*, 513 U.S. 1060, 115 S. Ct. 671 (1994).

Johnson alleges, in conclusory fashion, that Officer Stephens "willingly testified false [sic] as he fabirecated [sic] facts that were unknown to him and knowingly and intentionally with knowledge of [his] intent to deceive and aid in the prosecution by recklessly and knowingly committing act of perjury by misleading the magistrate through false testimony" (Memorandum p. 25) and that complainant Price's testimony was inconsistent with her earlier statements to police and with a non-prosecution affidavit she executed (Memorandum pp. 118-119). Such contradictory testimony from witnesses, inconsistencies within a witness's testimony, and conflicts between reports, written statements and the trial testimony of prosecution witnesses do not, standing alone, establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990); *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989). Johnson fails to show that either witness testified falsely or that the prosecution knew that the testimony of either was false. Therefore, relief on this claim should be denied.

INEFFECTIVE ASSISTANCE OF COUNSEL

Johnson claims that he received ineffective assistance of counsel in pre-trial proceedings, at trial and on appeal. When a convicted defendant seeks habeas corpus relief on the basis of ineffective assistance, he must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694, 104 S. Ct. 2052 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746 (2000) (applying *Strickland* to counsel's conduct on appeal). There is a

strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Strickland*, 466 U.S. at 690. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 692. Relief will be denied where the petitioner fails to prove either prong of the two-part test. *Id.* at 697.

Johnson first claims that he was denied effective assistance of counsel during pre-trial proceedings. Memorandum pp. 27-30. He claims that his appointed trial counsel failed to file a pre-trial motion to suppress evidence obtained pursuant to police officers' search of his apartment. He also claims that his attorney failed to properly question Officer Stephens because she failed to properly research the case and the facts surrounding his arrest and improperly advised him that the complainant should not attend or testify at pre-trial proceedings even though she had signed a non-prosecution affidavit. Johnson raised these claims in his state writ application, which the Court of Criminal Appeals denied. *Ex parte Johnson*, Appl. No. WR-59, 957-04 pp. 10, 97-102.

The record reveals that Johnson's counsel did file numerous pre-trial motions. Record pp. 23-28, 32-48,56-58, 60-71. Those motions, in fact, included motions to suppress evidence. Record pp. 43-44, 60-61. Petitioner has not demonstrated that his pre-trial counsel's representation was constitutionally deficient. Therefore, his claim should be denied.

Johnson further claims ineffective assistance of trial counsel by the attorney appointed by the court to represent him at trial after his original attorney withdrew. He claims that his trial attorney failed to object to the indictment, failed to request a jury charge on reckless conduct, failed to object to the jury charge, failed to object to the prosecutor's remarks regarding

7

Johnson's failure to testify and failure to express remorse, and failed to object to the admission of other evidence during the course of the trial. Memorandum pp. 67-68, 72-73, 98, 133-141, 146-47.

Petitioner's conclusory attacks on his attorney's trial representation do not raise colorable ineffective assistance of counsel claims. Johnson has failed to overcome the strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S, at 690. The record demonstrates that Johnson's counsel did object many times during the trial. Further, an attorney is under no obligation to make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Johnson has also failed to show that he was prejudiced by his counsel's conduct, i.e. that he would not have been found guilty had the questioned actions been taken by counsel or complained of objections been made. *See Strickland*, 466 U.S. at 687-88, 694.

These claims were raised in Johnson's state habeas application (*Ex parte Johnson*, Appl. No. WR-59, 957-04 pp. 12, 20, 133-134, 265-269) and denied by the Court of Criminal Appeals on the merits based on the state trial court's findings that:

> The records in Cause No. F01-53637-JH reflect that [Johnson's] trial counsel filed pre-trial motions, conducted voir dire of the jury, cross-examined the States's witnesses, made numerous objections during the course of [Johnson's] trial, made arguments to the jury at both the guilt/innocence and punishment phases of [Johnson's] trial, preserved [Johnson's] right of appeal and performed numerous other functions of a competent and experienced criminal defense attorney.
>
> A review of the records in Cause No. F01-5367-JH reflects that [Johnson] was represented by an attorney who exercised all the skill and expertise which one could reasonably expect of an attorney and that [Johnson] was in no way denied his right to effective assistance of counsel either at trial or in appeal.

*Ex parte Johnson*, Appl. No. WR-59, 957-04 p. 339. When a state court has denied relief, federal habeas relief is barred unless the state court's decision is not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1 (2003) (citing cases). Johnson has failed to discharge his burden under the AEDPA and, therefore, is not entitled to relief on this ground.

Finally, Johnson claims ineffective assistance of counsel on appeal. Memorandum pp. 141-146. A criminal defendant has a constitutional right to receive effective assistance of counsel on direct appeal. *See United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). However, in the context of an appeal, counsel "is not deficient for not raising every non-frivolous issue on appeal." *Id*; *see also Jones v. Barnes,* 463 U.S. 745, 103 S. Ct. 3308 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999).

Johnson alleges that his appellate counsel failed to properly investigate and raise the issue of the delayed filing of a portion of the statement of facts, failed to raise the Fourth Amendment illegal search and seizure issue and failed to raise the issue of ineffectiveness of pre-trial and trial counsel. His counsel raised five non-frivolous issues on direct appeal. These points of error related to the state's introduction of extraneous offense evidence, Johnson's *Batson* challenge to the prosecution's use of peremptory strikes against members of his race, and legal and factual insufficiency of the evidence. Counsel was not required to raise the frivolous issue with respect to portions of the statement of facts being filed late. In addition, although

9

counsel did not raise the issue of the search of Johnson's apartment, there is no reason to believe that Johnson's conviction would have been reversed had counsel appealed on that ground. Further, because the Court of Criminal Appeals ruled on the merits of his ineffective assistance of counsel claims in his state habeas application, he was not prejudiced by counsel's failure to present those claims on direct appeal. That court has noted that "an application for a writ of habeas corpus is the more appropriate vehicle [than a direct appeal] to raise ineffective assistance of counsel claims." *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Therefore, Johnson cannot show the prejudice prong of the *Strickland* test with respect to this claim. *See Strickland*, 466 U.S. at 697 (authorizing dismissal on prejudice prong alone).

Finally, this claim was also raised in Johnson's state habeas application. *Ex parte Johnson*, Appl. No. WR-59, 957-04 pp. 21, 271-274, 339. As noted above at page 8, the state habeas court found that Johnson "was in no way denied his right to effective assistance of counsel either at trial or on appeal." *Ex parte Johnson*, Appl. No. WR-59, 957-04 p. 339. Again, Johnson fails to meet his burden of showing that the state court's decision was erroneous and objectively unreasonable. Therefore, relief on this ground should be denied.

SPEEDY TRIAL

Johnson alleges that the trial court erred when it failed to consider his right to a speedy trial. Memorandum p. 46. To determine whether a defendant's right to a speedy trial has been denied, a court must evaluate and balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's diligence in asserting his Sixth Amendment right; and (4) prejudice to the defendant resulting from the delay." *Barker v. Wingo*, 407 U.S. 514, 530-33, 92 S. Ct. 2182 (1972). The first factor, the length of delay, is a "triggering mechanism" for

determining whether the court is required to balance the remaining three *Barker* factors.  *Doggett v. United States*, 505 U.S. 647, 651-652, 112 S. Ct. 2686 (1992).

Petitioner was arrested on June 13, 2001 and indicted on July 31, 2001.  Record pp. 2-5.  His first trial was held March 24-25, 2003, resulting in a delay of approximately 21 months .  Record pp. 6-7.  After a mistrial because the jury was unable to reach a verdict, Johnson was retried approximately one month later, June 24 - July 1, 2003.  As a general rule, a "speedy trial" analysis is required when the delay exceeds one year.  *Doggett*, 505 U.S. at 652 n. 1.  Since the delay in this case exceeded one year, the court should "make findings regarding the remaining three [*Barker*] factors and balance all accordingly."  *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993), *cert. denied*, 510 U.S. 1167, 114 S. Ct. 1197 (1994).

With respect to the second *Barker* factor, the reason for the delay, the record reflects that Johnson's case was reset for trial on at least eight occasions between December 2001 and March 2003.  Record pp. 6-7.  The record does not, however, provide the reason for these continuances.  Respondent points out that at least a portion of the delay resulted from Johnson's March 18, 2002 motion for a continuance (Record pp. 26-27), which continued the trial date from March 18, 2002 to June 24, 2002, and argues that some of the delay is thus attributable to him.  *See Nelson v. Hargett*, 989 F.2d 847, 852 (5th Cir. 1993) (A defendant "will not be heard to complain of a lapse of time attributable to continuances he sought and received from the trial court.").  The fact that he filed a motion for continuance is "indicative of the degree of seriousness with which [Johnson] asserted his right to a speedy trial," i.e., a motion for a continuance is inconsistent with a desire for a prompt trial  *Robinson*, 2 F.3d at 569.  Further, nothing in the record indicates that the State engaged in any deliberate delay tactics.

11

As to the third *Barker* factor, Johnson's zeal in pursuing his right to a speedy trial, the record contains just one motion for a speedy trial filed on August 28, 2001, soon after he was indicted (Record p. 11). Johnson claims that his attorney made an oral speedy trial motion on January 17, 2003 (Memorandum p. 46); however, there is nothing in the record or the trial court's docket (Record pp. 6-7) to corroborate his claim. The Fifth Circuit has held that such "pre-indictment silence and post-indictment continuances . . . outweigh whatever weight would ordinarily be due [Plaintiff's] speedy trial assertions." *Robinson*, 2 F.3d at 569.

Finally, with respect to the final *Barker* factor -- prejudice to Petitioner -- the court finds that any delay was not so excessive so as to create a presumption of prejudice. *See Robinson*, 2 F.3d at 570 (finding delay of three years and nine months did not entitle the petitioner to presumptive prejudice); *Doggett*, 505 U.S. at 658 (finding presumed prejudice after government caused delay of six years). Therefore, Plaintiff bears the burden of demonstrating prejudice. *Id*.

The Supreme Court has identified three interests of a defendant which relate to the prejudice factor: (1) oppressive pre-trial incarceration; (2) anxiety and concern of an accused; and (3) a possibility that the defense was impaired. *Barker*, 407 U.S. at 532. Johnson claims that "he lost an attonrey [sic], his job, his home, car and suffer [sic] both mential [sic] and emomtional shress [sic] as well as financial lose [sic] from the delay . . ." Memorandum p. 49. However, Johnson's conclusory allegations without facts in support do not provide a basis for habeas relief. Further, Johnson does not allege that his defense was in any way impaired by the delay or that evidence or witnesses became unavailable due to the delay. His primary allegation, that the complainant would have testified more favorably on his behalf had the trial been held sooner, is entirely speculative and similarly provides no basis for relief. Moreover, unlike the

pre-AEDPA analysis of the speedy trial claim in *Robinson*, supra, this court cannot grant relief unless Petitioner satisfies the requirements of section 2254(d)(1) or (2), which Johnson has failed to do. Therefore, relief should be denied on this ground.

STATE COURT TRIAL ERRORS

Johnson identifies several alleged errors by the trial court, including that the trial court abused its discretion when it (1) allowed the prosecution to amend the indictment on the day of trial; (2) denied his motion for a jury shuffle; (3) improperly commented on the weight of the evidence; (4) denied him his right to confront the State's witnesses; (5) provided a fundamentally defective jury charge; (6) limited defense counsel's impeachment of State witnesses; (6) failed to grant his motion for a mistrial; (7) allowed the State to improperly introduce extraneous offense evidence; and (8) allowed an unqualified expert to testify. Memorandum pp. 50-58, 68-73, 79-82, 102-103, 111, 114-115, 127-132.

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475 (1991). A mere error by a state court in applying the state's evidentiary rules fails to present a cognizable basis for federal habeas corpus relief absent a showing that the error, if any, was so extreme as to constitute a denial of fundamental fairness. *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998). Relief will be warranted "only when the wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial . . ." *Id*. In addition, a harmless error test applies to such constitutional errors at trial. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710 (1993). Under this test, error is

harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." *Id*.

Johnson has not demonstrated his right to relief on these grounds. He has not demonstrated that he was prejudiced by any of the alleged errors by the trial court or that the errors had a substantial or injurious effect in determining the jury's verdict. Nor has he made a showing that any wrongfully admitted evidence played a significant role in the outcome of the trial. Therefore, these grounds for relief are without merit.

INSUFFICIENCY OF THE EVIDENCE

Johnson alleges that the evidence was factually and legally insufficient to support his conviction. Memorandum pp. 120-127, 147-150.

Johnson is not entitled to federal review of his factual insufficiency claim as it is solely a state law claim and, therefore, not subject to federal habeas review. *See Woods v. Cockrell*, 307 F.3d 353, 357-58 (5th Cir. 2002). As for his legal insufficiency claim, when reviewing whether there was insufficient evidence to convict, to be entitled to relief a court must find that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 322-26, 99 S. Ct. 2781 (1979). In reviewing the sufficiency of the evidence, a court refers to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995). The court examines the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. This standard takes into account a jury's duty to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*.

14

Johnson was charged with aggravated sexual assault. Record pp. 2-5. The jury acquitted Johnson of aggravated sexual assault but found him guilty of sexual assault. Record pp. 99, 109-110. To prove sexual assault under Texas law, the state had to show that Johnson intentionally or knowingly penetrated the complainant's sexual organ without her consent or penetrated the complainant's mouth with his sexual organ without her consent. Tex. Penal Code § 22.021(a)(1)(A). In addition, the state had to show that Johnson intentionally or knowingly caused bodily injury to complainant or threatened her with imminent bodily injury. Tex. Penal Code § 22.021(a)(1)-(2).

The complainant Cora Price testified that she dated Johnson for a little over a year and had lived with him, although he moved out at some point before the offense in question occurred. RR3 p. 94. She testified that they were dating "on and off" at the time of the offense. Reporter's Record, Volume 3 ("RR3") p. 95. On the day of the offense, Johnson asked her to pick him up at work. RR3 p. 95. She picked him up and drove him back to his apartment. RR3 p. 98. When they arrived at his apartment, he asked her to come upstairs, which she did. RR3 p. 98. Once inside, she sat down on the arm of a sofa at which time Johnson asked her if he could use her car because his car was not working. RR3 pp. 98-100. When Price told Johnson that he could not use her car, Johnson struck the side of her face with such force that she fell to the floor. RR3 p. 100. He continued to hit and kick her for ten or fifteen minutes while she was on the floor. RR3 pp. 100-101. He then dragged her down the hall by her hair to the bedroom. RR3 pp. 101-102. Once in the bedroom, Johnson knocked Price onto the bed and continued to beat her, mostly hitting her face. RR3 p. 102. He pulled off her clothes and then forced her to have

sex with him, penetrating her vaginally and orally. RR3 pp. 104-105. He told her that she better not tell anyone or he was going to kill her. RR3 p. 105.

Price testified that afterwards she waited until Johnson fell asleep, then she found her car keys and left the apartment with only a bath towel wrapped around her. RR3 p. 107. She testified she was scared and shaken and drove to a nearby convenience store where she called the police. RR3 pp. 108-109. An ambulance came and she was transmitted to the hospital, where she was treated for her injuries. RR3 p. 109. She gave a statement to police in which she recounted Johnson's actions, although she could not write or read the statement because her eyes were so swollen from her injuries. RR3 pp. 110-111. She further testified that she visited Johnson in jail and sent him money and letters. RR3 p. 112.

Officer David Stephens testified that he spoke with Price at the convenience store before she was transported to the hospital. RR3 p. 10-11  Officer Stephens observed that Price was crying, upset and visibly injured when he arrived and testified that she related Johnson's beating and forced sexual acts to him. RR3 pp. 10-14. In a search of Johnson's apartment, Officer Stephens found pieces of Price's hair weave that Johnson pulled out of her head on the floor between the living room area and the bedroom. RR3 p. 17. He also found her torn shirt and her pants and underwear turned inside out in the bedroom. RR3 p. 17. Officer James Browder testified that when he was asking Johnson some routine book-in questions, Johnson blurted out "I don't know why you're coming up in my house, all I did was assault her." RR3 pp. 81, 84, 87.

This evidence is more than sufficient to support Johnson's conviction for sexual assault and, therefore, review of Johnson's insufficiency of the evidence ground should be denied.

16

PROSECUTORIAL MISCONDUCT

The standard for granting habeas relief because of prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power." *Derden v. McNeel*, 978 F.2d 1453, 1460 (5th Cir. 1992) (citing *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471 (1986)). A prosecutor's statements or actions may violate due process in two ways: the misconduct may directly implicate a specific provision of the Bill of Rights, or the misconduct, while not directly violating a specific constitutional right, may nevertheless constitute a general denial of due process. *Rogers v. Lynaugh*, 848 F.2d 606, 608 (5th Cir. 1988). Johnson claims prosecutorial misconduct in that the prosecutor (1) vouched for the credibility of State witnesses; (2) commented on Johnson's failure to testify; (3) commented on Johnson's failure to show or express remorse; (4) failed to disclose impeachment evidence to the jury in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (5) introduced unadjudicated offense evidence during the guilt/innocence phase; (6) introduced the apartment lease; and (7) used peremptory strikes against members of Johnson's race. Memorandum pp. 89-108, 111-115, 145-147. Most of Petitioner's claims in this ground can be classified as alleging "general" denials of due process; therefore, relief will be granted only if the misconduct resulted in the denial of the defendant's right to a fair trial. *Id*. at 608-09. A trial will be deemed fundamentally unfair only if "there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (citations omitted).

Johnson's claims fail as he has not met his burden of showing that the alleged misconduct resulted in the denial of his right to a fair trial or that he would not have been found guilty had

17

the alleged misconduct not occurred. As to his *Brady* claim, Johnson alleges that the prosecutor withheld evidence with respect to complainant Price's criminal history. However, Johnson has failed to establish that the prosecution suppressed or withheld such evidence and his conclusory allegations cannot support a finding that *Brady* was violated.

Johnson has likewise failed to establish a constitutional violation as to his *Batson* claim. The Fifth Court of Appeals reviewed Johnson's claim that the "prosecutor use[d] one of its peremptory strike[s] to remove member [sic] of his race" in violation of *Batson* and determined that:

> The prosecutor stated she struck Mr. Hubbard because when asked what kind of job the police were doing in his neighborhood he "was very indecisive," "[h]e just didn't know, couldn't make a decision on this." Mr. Hubbard was also indecisive about how his brother, who had been charged with driving while intoxicated had been treated. [Johnson] did not offer any argument or evidence to rebut the State's explanation or show the explanation was merely a sham or pretext. Rather, he argued that the reasons were pretext and the prosecutor really struck Mr. Hubbard because he was African-American. The judge ruled the prosecutor's reasons were racially neutral and overruled [Johnson's] objection.
>
> Examining the record in the light most favorable to the trial judge's ruling, we conclude the State articulated race neutral reasons for striking Mr. Harmon. The prosecutor's explanations did not reflect an inherently discriminatory intent. And [Johnson], who disagreed with the State's reasoning, did not attempt to rebut the State's reasons by offering evidence or questioning the prosecutor about his reasoning. Because the trial judge's finding that the prosecutor's explanations were race-neutral is supported by the record, we cannot conclude the trial judge erred.

*Johnson v. State*, No. 05-03-01058-CR, slip op. at 8 (Tex. App. – Dallas March 22, 2005, pet. ref'd). Johnson has failed to demonstrate that the Fifth Court of Appeals' decision or the Court of Criminal Appeals' denial of his state habeas petition on this ground was not only incorrect, but objectively unreasonable. *Yarborough*, 540 U.S. at 5. Therefore, relief must be denied on his prosecutorial misconduct claims.

18

DOUBLE JEOPARDY

Johnson claims his conviction was obtained in violation of the prohibition against double jeopardy. Memorandum pp. 59-63. "A defendant may . . . waive double jeopardy protection by consenting to a mistrial before a verdict is rendered . . . .[A] motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." *United States v. Bauman*, 887 F.2d 546, 549 (5th Cir. 1989). In his first trial, Johnson's counsel moved for a mistrial after the jury was unable to reach a verdict, which was granted by the court. Record pp. 7, 83, 87-90. Because the mistrial resulted from *Johnson's own* motion, his double jeopardy clause claim is clearly without merit.

OTHER GROUNDS

Finally, Johnson's remaining grounds are similarly without merit. His excessive bail claim fails because a conviction moots a claim of excessive pre-trial bail. *Murphy v. Hunt*, 455 U.S. 478, 481-82, 102 S. Ct. 1181 (1982). Johnson's claim that he was denied counsel of his choice also fails because "[t]he right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of [Petitioner's] choice." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Finally, Johnson alleges that the trial court's records are inadequate and incomplete. Memorandum pp. 30, 36, 40, 44-45, 49-55, 58, 73-75, 77. Johnson's conclusory statements fail to raise a constitutional issue and, therefore, habeas relief should be denied. *See*, *e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the petition be denied and dismissed.

It is further recommended that Johnson's motion to compel and motion for leave for discovery filed on February 29, 2008 be denied as moot. In addition, because the court has considered the supplemental brief filed by Johnson on April 16, 2008, his motion to enlarge argument filed on the same date is likewise moot.

A copy of this recommendation will be transmitted to Petitioner and counsel for the Respondent.

Signed this 18th day of April, 2008

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.